UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **R. ALEXANDER ACOSTA,** Secretary of Labor, United States Department of Labor, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Civil action no.: 1:17-cv-00875-ESC ) |
| **AMERICAN CLASSIC CONSTRUCTION, INC.** a Michigan corporation, and **NATHAN THOMPSON, JACOB THOMPSON,** and **LEON THOMPSON,** individuals, | ) ) ) ) ) ) ) |
| Defendants. | ) |

## CONSENT JUDGMENT

Plaintiff, **R. ALEXANDER ACOSTA**, Secretary of Labor, United States Department of Labor, ("**PLAINTIFF**") having filed his Complaint and Defendants **AMERICAN CLASSIC CONSTRUCTION, INC.**, a corporation, **NATHAN THOMPSON, JACOB THOMPSON**, and **LEON THOMPSON**, individually (hereinafter "**DEFENDANTS**"), having appeared by counsel, having answered, and having been duly advised in the premises, agree to the entry of this judgment;

**NOW**, therefore, upon motion for the attorneys for **PLAINTIFF** and **DEFENDANTS**, and for cause shown:

**DEFENDANTS** admit that Defendant **AMERICAN CLASSIC CONSTRUCTION, INC.** is an enterprise engaged in commerce within the meaning of sections 3(r) and 3(s)(1)(A) of the Fair Labor Standards Act. **AMERICAN CLASSIC CONSTRUCTION, INC.** is responsible for the provisions set forth in this Consent Judgment.

**DEFENDANTS** admit that each individual Defendant **NATHAN THOMPSON**, **JACOB THOMPSON**, and **LEON THOMPSON** acted directly or indirectly in the interest of the corporate Defendant **AMERICAN CLASSIC CONSTRUCTION, INC.,** and thereby are each an "employer" under section 3(d) of the Act for the purpose of this litigation. **NATHAN THOMPSON**, **JACOB THOMPSON**, and **LEON THOMPSON** are employers and individually responsible for the provisions set forth below.

# I

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED,** pursuant to section 17 of the Fair Labor Standards Act of 1938, as Amended (29 U.S.C. § 201 *et seq.*) (hereinafter "the Act"), that the **DEFENDANTS,** their officers, agents, servants, employees, and all persons in active concert or participation with them are hereby permanently enjoined and restrained from violating the provisions of the Act in any of the following manners.

A. **DEFENDANTS** shall pay all employees at a rate at least one and one-half times the regular rate of each such worker for workweeks in which each such worker performs work for more than 40 hours consistent with sections 7 and 15(a)(2) of the Act where in any workweek such employees are engaged in commerce or in the production of goods for commerce or who are employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Act.

B. **DEFENDANTS** shall not fail to make, keep and preserve records of their employees and of the wages, hours and other conditions and practices of their performance of work maintained by them as prescribed by the regulations issued, and from time to time amended, pursuant to section 11(c) of the Act and found at 29 C.F.R. Part 516. This includes, but is not limited to, maintaining records of all hours worked by each employee in each workday

and each workweek and records of compensation paid to each worker in each workweek. The records maintained shall also include, but not be limited to, the full name and last-known mailing address of all employees and the daily start and stop time of each worker.

C. **DEFENDANTS** hereby acknowledge employees under the Act who perform construction work for **DEFENDANTS** including, but not limited to siding, roofing, window, door, and stone masonry, are subject to the provisions of the Act. The requirements of this Section I shall not apply to workers who are or may be properly classified as independent contractors or exempt from the Act's overtime and record-keeping requirements under applicable law.

D. Nothing in this consent judgment affects the rights afforded under the Act of those individuals who perform work for Defendants and who are not included in Exhibit A.

## II

**FURTHER, JUDGMENT IS HEREBY ENTERED**, pursuant to section 16(c) of the Act, in favor of the **PLAINTIFF** and against the **DEFENDANTS**, in the total amount of $310,000.

A. **DEFENDANTS** shall pay the sum of $155,500.00, which represents the unpaid overtime compensation hereby found to be due for the period of January 1, 2013 through January 2, 2016, to the present and former employees named in Exhibit A, attached hereto and made a part hereof, in the amounts set forth therein.

B. **DEFENDANTS** shall pay the sum of **$155,500.00**, which represents the liquidated damages hereby found to be due for the period January 1, 2013 through January 2, 2016, to the present and former employees named and in the amounts set forth in Exhibit A, attached hereto and made a part hereof.

## III

The monetary provisions of this judgment shall be deemed satisfied by **DEFENDANTS**, upon the following:

**A.** **DEFENDANTS** shall pay to **PLAINTIFF** $310,000.00, along with an executed copy of this *Consent Judgment*. This payment shall be paid to **PLAINTIFF** by **DEFENDANTS** submitting a certified check or cashier's check payable to "U.S. Dept. of Labor—Wage and Hour Div." to United States Department of Labor, Office of the Solicitor, 230 S. Dearborn Street, Room 844, Chicago, IL 60604. The certified check or cashier's check shall have "American Classic Construction" written on the memo line. At that time, **DEFENDANTS** shall also submit a schedule listing the name, last-known address, Social Security number, gross amount of wages, liquidated damages, and total due each employee listed on Exhibit A.

**B.** **PLAINTIFF** shall distribute the proceeds of the check (less legal deductions for each employee's share of Social Security, Medicare, and federal withholding taxes for back wages) to the persons set forth in Exhibit A, or to their estates, if that be necessary, and any amounts of unpaid overtime compensation and liquidated damages not so paid within a period of three (3) years from the date of receipt thereof shall, pursuant to section 16(c) of the Act, be covered into the Treasury of the United States as miscellaneous receipts.

**C.** **DEFENDANTS** remain responsible for paying their share of Social Security, Medicare, and any other applicable taxes to the appropriate State and Federal revenue authorities.

**D.** **DEFENDANTS** shall not request, solicit, suggest or coerce, directly or indirectly, any individual to return or to offer to return to the **DEFENDANTS** or to someone else for the **DEFENDANTS** any money in the form of cash, check or in any other form, for wages

previously due or to become due in the future to said individual under the provisions of this judgment or the Act; nor shall **DEFENDANTS** accept, or receive from any individual, either directly or indirectly, any money in the form of cash, check or any other form for wages heretofore or hereafter paid to said individual under the provisions of this judgment or the Act; nor shall **DEFENDANTS** discharge or in any other manner discriminate, nor solicit or encourage anyone else to discriminate against any such individual because such individual has received or retained money due from the **DEFENDANTS** under the provisions of this judgment or this Act.

IV

**FURTHER**, it is agreed by the parties herein and hereby **ORDERED** that each party bear his, hers or its own fees and other expenses incurred by such party in connection with any stage of this proceeding to date with no costs, including, but not limited to, any and all costs referenced under the Equal Access to Justice Act, as Amended.

**FURTHER**, this Court shall retain jurisdiction of this matter to enforce the terms of the Consent Judgment.

ALL of which is ORDERED, ADJUDGED and DECREED this  3rd  day of   May    2018.

                                       /s/ Ellen S. Carmody
                                       Ellen S. Carmody
                                       United States Magistrate Judge

| | |
|---|---|
| Consented to by Plaintiff: | Consented to by Defendants: |
| **KATE S. O'SCANNLAIN**<br>Solicitor of Labor | s/Nathan Thompson<br>**NATHAN THOMPSON** |
| **CHRISTINE Z. HERI**<br>Regional Solicitor | s/Jacob Thompson<br>**JACOB THOMPSON** |
| s/David J. Rutenberg<br>**DAVID J. RUTENBERG**<br>Trial Attorney<br>U.S. Department of Labor<br>Office of the Solicitor<br>230 S. Dearborn Street, #844<br>Chicago IL, 60604 | s/Leon Thompson<br>**LEON  THOMPSON**<br><br>**Individually and as Owners**<br>American Classic Construction, Inc. |
| **ANDREW B. BIRGE**<br>Acting United States Attorney | **American Classic Construction**<br>By:   s/Nathan Thompson<br>        **NATHAN THOMPSON**<br>        President, American Classic<br>        Construction, Inc. |
| s/Carolyn A. Almassian<br>**CAROLYN A. ALMASSIAN**<br>Assistant United States Attorney<br>Post Office Box 208<br>Grand Rapids, MI 49501-0208<br>(616) 456-2404<br>LOCAL COUNSEL | Approved as to Form:<br><br>s/Karl W. Butterer<br>**KARL W. BUTTERER** |
| **Attorneys for the Plaintiff** | **Attorney for Defendants**<br>Foster Swift Collins & Smith PC<br>1700 East Beltline, NE, Suite 200<br>Grand Rapids, MI 49525-7044<br>(616) 726-2212 |

Exhibit A

**Exhibit A to *Consent Judgment*  
Back Wages and Damages Due**

| Employee Name | Gross Wages Due | Liquidated Damages Due | Total Due |
|---|---|---|---|
| Matt Adrian | $6,031.57 | $6,031.57 | $12,063.14 |
| James Aishe | $1,483.69 | $1,483.69 | $2,967.38 |
| Brian Albaugh | $1,643.28 | $1,643.28 | $3,286.56 |
| Mark Anderson | $1,027.46 | $1,027.46 | $2,054.92 |
| Terry Bailey | $297.56 | $297.56 | $595.13 |
| Jeff Barrett | $1,478.78 | $1,478.78 | $2,957.57 |
| Robert Bitely, Jr. | $4,185.11 | $4,185.11 | $8,370.22 |
| James Blanton | $3,167.77 | $3,167.77 | $6,335.55 |
| Derrick Boomguard | $1,969.66 | $1,969.66 | $3,939.32 |
| Kevin Burns | $2,211.27 | $2,211.27 | $4,422.54 |
| Shawn Castle | $1,055.36 | $1,055.36 | $2,110.71 |
| Martin Chavez | $299.66 | $299.66 | $599.32 |
| Jacob K. Chupp | $1,119.01 | $1,119.01 | $2,238.02 |
| Jamey Church | $1,170.87 | $1,170.87 | $2,341.75 |
| Allen Clement | $1,839.93 | $1,839.93 | $3,679.86 |
| Wesley Cole | $5,792.81 | $5,792.81 | $11,585.62 |
| Richard Cubitt | $883.13 | $883.13 | $1,766.26 |
| Greg Davison | $1,559.13 | $1,559.13 | $3,118.26 |
| Daniel DeCheney | $4,170.23 | $4,170.23 | $8,340.47 |
| Nick Drangin | $3,537.92 | $3,537.92 | $7,075.84 |
| Rick Drent | $3,931.46 | $3,931.46 | $7,862.92 |
| Austin Dudley | $309.88 | $309.88 | $619.75 |
| Nakie Fisk | $332.46 | $332.46 | $664.93 |
| Hilario M. Gamboa | $1,531.96 | $1,531.96 | $3,063.91 |
| Adam M. Gamboa | $1,543.26 | $1,543.26 | $3,086.53 |
| Donovan Garbula | $61.56 | $61.56 | $123.11 |
| Tim Gardner | $2,732.95 | $2,732.95 | $5,465.91 |
| Jeffrey Guarisco | $530.04 | $530.04 | $1,060.07 |
| Michael Herrera | $404.17 | $404.17 | $808.35 |
| Zachary Hesse | $723.93 | $723.93 | $1,447.87 |
| Tommy Jacobs | $6,025.93 | $6,025.93 | $12,051.87 |
| Garth Jordan | $1,648.32 | $1,648.32 | $3,296.64 |
| Nick Kamps | $4,409.18 | $4,409.18 | $8,818.36 |
| Richard Kessler | $2,268.46 | $2,268.46 | $4,536.92 |
| John P. McCloskey II | $1,638.17 | $1,638.17 | $3,276.35 |
| Wilbert McClure | $2,831.05 | $2,831.05 | $5,662.10 |
| Tim McDonald | $503.74 | $503.74 | $1,007.47 |
| John Merlington | $2,431.98 | $2,431.98 | $4,863.97 |

2

| Employee Name | Gross Wages Due | Liquidated Damages Due | Total Due |
|---|---|---|---|
| Jacob Mulder | $1,456.26 | $1,456.26 | $2,912.51 |
| Robert Nelson, Jr. | $326.12 | $326.12 | $652.23 |
| Albert Norton | $3,125.34 | $3,125.34 | $6,250.68 |
| Brandon Nowak | $892.04 | $892.04 | $1,784.07 |
| Mike Oldenkamp | $1,035.06 | $1,035.06 | $2,070.11 |
| Allen Osburn | $1,817.34 | $1,817.34 | $3,634.68 |
| Anthony Patricelli | $895.70 | $895.70 | $1,791.41 |
| Dustyn Peterson | $1,323.85 | $1,323.85 | $2,647.69 |
| Joseph Powell | $3,114.47 | $3,114.47 | $6,228.94 |
| Ryan Powell | $4,341.72 | $4,341.72 | $8,683.43 |
| Brandon Powers | $289.97 | $289.97 | $579.94 |
| Theodore J. Purcell | $562.19 | $562.19 | $1,124.37 |
| Joshua Puskas | $1,538.51 | $1,538.51 | $3,077.01 |
| Kyle Reed | $3,960.14 | $3,960.14 | $7,920.29 |
| Gilbert Rich | $338.16 | $338.16 | $676.33 |
| Ryan Rodgers | $2,610.24 | $2,610.24 | $5,220.49 |
| Tim Ruschkewicz | $4,955.38 | $4,955.38 | $9,910.77 |
| Benjamin Skivers | $1,531.30 | $1,531.30 | $3,062.60 |
| Jason Smutny | $3,368.48 | $3,368.48 | $6,736.97 |
| Rex Stahlhood | $1,738.50 | $1,738.50 | $3,476.99 |
| Wayne Stahlhood | $4,457.44 | $4,457.44 | $8,914.87 |
| Timotyh Joel Sutton | $1,161.47 | $1,161.47 | $2,322.94 |
| Craigory Swanson | $629.97 | $629.97 | $1,259.93 |
| Nathan Szelle | $130.97 | $130.97 | $261.94 |
| Anthony Taylor | $992.69 | $992.69 | $1,985.37 |
| Mark Tenhopen | $880.77 | $880.77 | $1,761.55 |
| Justin Thompson | $1,364.32 | $1,364.32 | $2,728.63 |
| Jason Tice | $5,162.32 | $5,162.32 | $10,324.64 |
| Brian Uplinger | $1,290.06 | $1,290.06 | $2,580.11 |
| Facundo Utria | $3,535.21 | $3,535.21 | $7,070.42 |
| Andrew Vincent | $3,620.16 | $3,620.16 | $7,240.31 |
| David Walma | $2,938.71 | $2,938.71 | $5,877.41 |
| Don Weedall | $4,064.24 | $4,064.24 | $8,128.48 |
| Spencer Williamson | $924.65 | $924.65 | $1,849.30 |
| Ryan Witherell | $2,211.04 | $2,211.04 | $4,422.07 |
| Adam Yahne | $3,632.52 | $3,632.52 | $7,265.05 |